## Wolfe et ux. v. East Penn Electric Company et al.

*H. O. Bechtel*, for plaintiff.

*Ross Hull, E. J. Hauff, R. A. Freiler*, and *O. E. Farquhar*, for defendants.

HOUCK, J., January 18, 1936.—Plaintiffs' statement of claim was filed on May 11, 1933, and on July 23, 1934, defendants took a rule on plaintiffs to show cause why

they should not file a more specific statement. No answer was filed to the rule and, on June 10, 1935, the rule was made absolute on defendants' motion. The motion on which the court's action was based stated that counsel had agreed to file a more specific statement of claim on or before February 21, 1935. This is not the fact. Counsel agreed to extend the time for filing an answer to the rule to February 21, 1935. On July 15, 1935, plaintiffs took a rule on defendants to show cause why the judgment making the rule for a more specific statement absolute should not be stricken off. This is the rule now before us.

We do not think that the rule for a more specific statement of claim required an answer, and hence it could not be made absolute for failure to answer. A rule of this nature does not raise an issue of fact; it raises an issue of law. One party contends the statement is sufficient; the other contends it is not. The proper procedure is to order the rule on the argument list, have the matter argued and the court decide whether or not a more specific statement is required.

The identical question has been decided in Marlowe & Iwaya Co. v. Lehigh Star Bedding Co., 13 Leh. L. J. 136. The court said:

"It is error to suppose that all motions and rules require answers. Generally, only such motions and rules which raise issues of fact require answers. If their purpose and effect be to create issues of law, no answer is required. Thus, motions and rules for new trials, in arrest of judgment, to set aside non-suits, for judgment n. o. v. and many others, requires no answer. In this category are rules for judgment for want of sufficient affidavits of defense."

We agree with this conclusion.

Defendant relies on the principle that a rule does not lie to strike off a rule allowed by the court. That principle is not applicable here. The plaintiffs are not seeking to strike off the rule for a more specific statement

of claim; they are seeking to strike off the judgment making that rule absolute. The judgment will be stricken off and the rule will remain and the matter may be placed upon the argument list and then the court will decide whether or not a more specific statement of claim is required.

And now, January 6, 1936, the rule to show cause why the judgment making absolute the rule for a more specific statement of claim should not be stricken off is made absolute and the judgment is stricken off. An exception is allowed defendants and the bill is sealed.

From G. Harold Watkins, Frackville.